21 F.3d 427
 73 A.F.T.R.2d 94-1903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GUARDIAN INDUSTRIES CORPORATION, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-1437.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The sole issue in this appeal is whether the Tax Court clearly erred in its determination that the silver-bearing waste material generated in the course of the petitioner Guardian Industries' photo-finishing business is property held by petitioner "primarily for sale to customers in the ordinary course of [its] trade or business." I.R.C. Sec. 1221(1). The significance of the question, particularly to Guardian Industries, is that, as a result of the Tax Court's finding, the gain realized by the taxpayer from the sale of the silver-bearing waste material is taxable as ordinary income rather than as capital gain.
 
 
 2
 We conclude that the Tax Court did not clearly err, and we shall affirm.
 
 
 3
 The taxpayer and petitioner, Guardian Industries Corporation, is in the photo-finishing business. Silver thiosulfate is an unavoidable by-product of photo finishing. Photographic film and paper contain silver halide compounds which form images when exposed to light. To develop the images, the halides must be exposed to various chemical solutions. During the photo-finishing process, the halides react with the other chemicals to form silver thiosulfate or "silver waste." The silver waste, however, contaminates the solutions used in developing and interferes with the quality of the negatives and prints. Consequently, it must be removed. The silver waste is valuable because, when refined, it yields marketable silver bullion.
 
 
 4
 In the regular course of its photo-finishing business during the tax years 1983 and 1984, Guardian Industries carefully harvested the silver waste material and sold it to Metalex Systems Corporation, a silver refiner. Guardian received $2,949,933 in 1983 from its sales of silver waste to Metalex, and $2,546,287 in 1984. Guardian originally reported the proceeds from the silver waste sales as ordinary income on its federal income tax returns for both 1983 and 1984. Later, Guardian filed an amended return and characterized its income from its silver recovery efforts as short-term capital gain from the sale of capital assets. The Commissioner assessed a deficiency and recharacterized Guardian's income from the silver waste as ordinary income, after concluding that the silver waste was not a capital asset.
 
 
 5
 Guardian then petitioned the Tax Court. The Tax Court, in a thorough and carefully written opinion, held that the silver waste was not a capital asset under I.R.C. Sec. 1221, because it was property that the taxpayer held "primarily for sale to customers in the ordinary course of [its] trade or business," I.R.C. Sec. 1221(1), and consequently, that the taxpayer's silver recovery income was taxable as ordinary income. Guardian Indus. Corp. v. Commissioner, 97 T.C. 308 (1991). On appeal, the taxpayer has endeavored to show that this finding of fact was clearly erroneous. We conclude that it has failed to do so; that the Tax Court did not clearly err; and that for the reasons stated in the Tax Court's opinion, we must affirm.
 
 
 6
 We cannot improve upon the reasoning or scholarship of Tax Court Judge Wells' excellent opinion, and so we adopt it as our own.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation